IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERTO TREJO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:16cv647-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Petitioner Alberto Trejo's ("Trejo") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. # 1.[1]

### **I. BACKGROUND**

On October 7, 2014, Trejo pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Doc. # 7-4. After a sentencing hearing that began on January 6, 2015, and carried over to January 7, the district court sentenced Trejo to 360 months' imprisonment, to run consecutively to a state sentence Trejo was serving when he committed his federal offense. Docs. # 7-8 & 7-9.

Trejo appealed, arguing that (1) his sentence was procedurally unreasonable because the district court erroneously believed it could not downwardly vary from the

---

[1] References to document numbers ("Doc. #") are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this civil action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

methamphetamine guidelines based on a policy disagreement with those guidelines, and (2) his sentence was substantively unreasonable because it was based on those guidelines, which are unduly harsh and unsupported by empirical evidence. Doc. # 7-12. On August 24, 2015, the Eleventh Circuit issued an opinion affirming Trejo's conviction and sentence. Doc. # 7-13; *see United States v. Trejo*, 624 F. App'x 709 (11th Cir. 2015). Trejo did not seek certiorari review in the Supreme Court.

On August 8, 2016, Trejo filed this § 2255 motion asserting the following claims:

1. His sentence was procedurally unreasonable because the district court erroneously believed it could not downwardly vary from the methamphetamine guidelines based on a policy disagreement with those guidelines.

2. The district court committed a clear error in judgment in weighing the 18 U.S.C. § 3553(a) factors by arriving at a sentence outside the range of a reasonable sentence dictated by the facts of the case.

3. The methamphetamine guidelines are flawed because the disparity in punishment meted out under its provision based solely on drug purity is not supported by research.

4. The criminal charges against him were completely dismissed when the original indictment was dismissed after a superseding indictment was brought.

5. His lawyers provided ineffective assistance of counsel.

Doc. # 1 at 4-8.

The Government filed a response on October 5, 2016, arguing that Trejo's four substantive, non-ineffective assistance of counsel claims are procedurally defaulted because the first three claims were decided adversely to Trejo on direct appeal and the fourth claim could have been raised in the trial court and on appeal, but was not. Doc. # 7

2

at 21–25. The government further argued that Trejo did not meet his burden of pleading deficient performance and prejudice regarding his ineffective assistance of counsel claim. *See* Doc. # 7 at 25–31.

On December 2, 2016, Trejo filed a reply to the Government's response in which he asserted additional claims of ineffective assistance of counsel not presented in his § 2255 motion. Doc. # 13.[2] This court deemed Trejo's reply to contain an amendment to his § 2255 motion adding claims that his counsel was ineffective for failing to (a) move to suppress evidence; (b) file a speedy trial motion; (c) file a motion to compel discovery; (d) file a motion for a mental and psychological evaluation; (e) challenge the use of his prior convictions in determining his sentence; and (f) present additional mitigating evidence at sentencing. *See* Doc. # 13 at 8–17.

Under this court's orders, the Government filed a response to Trejo's amendment arguing that his new claims of ineffective assistance of counsel should be dismissed as time-barred under 28 U.S.C. § 2255(f) and that, even if timely, none of the new claims established deficient performance by counsel and resulting prejudice under the standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Doc. # 17 at 2–19.

For the reasons that follow, the undersigned recommends that Trejo's § 2255 motion be denied without an evidentiary hearing and that this action be dismissed with prejudice.

---

[2] Although Trejo's reply containing the new claims of ineffective assistance of counsel was date-stamped as received in this court on December 8, 2016, Trejo certified that he mailed the reply on December 2, 2016. *See* Doc. # 13 at 20. Assuming that Trejo mailed the reply from prison, this court applies the prison mailbox rule to find the reply to have been filed on December 2, 2016. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*See* Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.  Procedurally Barred Claims

#### *1. Claims Raised and Decided On Direct Appeal*

Trejo's § 2255 motion includes claims that (1) his sentence was procedurally unreasonable because the district court erroneously believed it could not downwardly vary from the methamphetamine guidelines based on a policy disagreement with those guidelines; (2) the district court committed a clear error in judgment in weighing the 18 U.S.C. § 3553(a) factors by arriving at a sentence outside the range of a reasonable sentence

4

dictated by the facts of the case; and (3) the methamphetamine guidelines are flawed because the disparity in punishment metedced out under its provision based solely on drug purity is not supported by research. Doc. # 1 at 4–5.

The Government correctly argues that Trejo asserted these same claims on direct appeal, where they were considered and denied on the merits by the Eleventh Circuit Court of Appeals. *See United States v. Trejo*, 624 F. App'x 709 (11th Cir. 2015) (Eleventh Circuit Opinion); Doc. # 7-12 (Trejo's Appellate Brief). "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *Nyhuis,* 211 F.3d at 1343. Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id*. Because the Eleventh Circuit has already considered and rejected these claims by Trejo, they cannot be relitigated in this § 2255 action.

### 2. *Substantive Claim Not Raised In Trial Court or On Direct Appeal*

Trejo also claims that the criminal charges against him were completely dismissed when the original indictment was dismissed after a superseding indictment was brought. Doc. # 1 at 6. The Government argues that this claim is procedurally defaulted because of Trejo's failure to raise it in the trial court or on direct appeal. Doc. # 7 at 22–25.

Ordinarily, where a claim is not advanced in the trial court or on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See McKay v. United States*, 657 F.3d

1190, 1196 (11th Cir. 2011); *Reece v. United States*, 119 F.3d 1462, 1467 n.9 (11th Cir. 1997); *Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994). A petitioner can avoid this procedural bar by showing both cause for failing to raise the claim on direct appeal and actual prejudice arising from that failure.[3] *See United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Mills*, 36 F.3d at 1055. If a petitioner cannot show cause and prejudice, he is procedurally barred from proceeding with his § 2255 claim, unless he demonstrates that his is "actually innocent" of the crime of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 620-23 (1998).

Here, Trejo asserts no grounds as cause for his failure to previously raise his claim regarding the dismissal of the indictment. Nor does Trejo assert his actual innocence. Consequently, he is procedurally barred from proceeding with his claim that the criminal charges against him were dismissed when the original indictment was dismissed.

The Government also correctly argues that this claim by Trejo is without merit. *See* Doc. # 7 at 24–25. The government may seek a superseding indictment at any time before trial. *United States v. Barner*, 441 F.3d 1310, 1321 (11th Cir. 2006). Trejo's original indictment was dismissed on a motion by the Government after a timely superseding indictment was returned. Trejo pleaded guilty to the charge in the superseding indictment,

---

[3] To satisfy the "cause" exception to a procedural default, a petitioner "must show that some objective factor external to the defense prevented [petitioner] or his counsel from raising his claim on direct appeal and that this factor cannot be fairly attributable to [petitioner's] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). To establish that the cause of the procedural bar actually caused prejudice, a petitioner must show, "not merely that the error[ ] [claimed] created a possibility of prejudice, but that [it] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Unites States v. Frady*, 456 U.S. 152, 170 (1982).

not one in the dismissed indictment. The criminal charges against Trejo were not, as he contends, completely dismissed when the original indictment was dismissed, and this claim entitles Trejo to no relief.

## C. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The

7

prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1. Conclusory Ineffective Assistance of Counsel Claim in § 2255 Motion

In his § 2255 motion, Trejo alleges in conclusory fashion that his initial counsel, James Matthew Williams, and his subsequent counsel, Donnie Bethel, rendered ineffective assistance of counsel. Doc. # 1 at 8. Trejo provides no specifics whatsoever as to how Williams and Bethel performed deficiently, or how he was prejudiced as a result of their allegedly deficient performance. He merely asserts that his lawyers provided "insufficient" counsel. *Id.* Because Trejo wholly fails to meet his burden of pleading and proof under *Strickland*, he is entitled to no relief on this claim.

### 2. Ineffective Assistance of Counsel Claims in Amendment

8

...

On December 2, 2016, amended his § 2255 motion to add claims that his counsel rendered ineffective assistance by failing to (a) move to suppress evidence; (b) file a speedy trial motion; (c) file a motion to compel discovery; (d) file a motion for a mental and psychological evaluation; (e) challenge the use of his prior convictions in determining his sentence; and (f) present additional mitigating evidence at sentencing. *See* Doc. # 13 at 8–17. The Government argues that Trejo's new claims of ineffective assistance of counsel should be dismissed as time-barred under 28 U.S.C. § 2255(f)[4] and that, even if these new claims are timely, none establish deficient performance by counsel and resulting prejudice under the standard of *Strickland*. *See* Doc. # 17 at 2–19.

### a. The claims in Trejo's amendment are time-barred.

---

[4] The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As a general rule a § 2255 motion, and all claims for relief under § 2255, must be filed within a year of the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1).[5] Regarding this limitation period, the Supreme Court has stated that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for seeking certiorari review in the Supreme Court expires 90 days after entry of judgment by the appellate court. *See* Rule 13, Rules of the Supreme Court of the United States.

Here, Trejo's direct appeal was decided by the Eleventh Circuit on August 24, 2015. Ninety days from that date was November 22, 2015, a Sunday. The first business day thereafter was November 23, 2015. Therefore, any motion or claim by Trejo seeking relief under § 2255 must have been filed by November 23, 2016. Trejo's § 2255 motion was timely filed on August 8, 2016. However, he filed the amendment to his § 2255 motion on December 2, 2016—nine days after expiration of the limitation period in § 2255(f)(1).

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended

---

[5] As the Government correctly observes (Doc. # 17 at 3), the relevant date for determining the timeliness of Trejo's amended claims is the date on which his judgment of conviction became final, *see* § 2255(f)(1), because none of Trejo's new claims were arguably impeded by the government, *see* § 2255(f)(2), and none involved a newly recognized right or newly discovered facts, *see* § 2255(f)(3) & (4).

10

pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). However, "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). "[T]he untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport,* 217 F.3d at 1344 (citations omitted).

In his original, timely filed § 2255 motion, Trejo made a general and entirely conclusory claim of ineffective assistance of counsel. *See* Doc. # 1 at 8. In so doing, he pointed to no specific facts and made no specific arguments regarding his lawyers' alleged deficiencies. The ineffective assistance of counsel claims in Trejo's amendment cite particular grounds on which his lawyers' performance was allegedly deficient. Trejo's original conclusory claim "gave no indication of his amended claims." *Pruitt,* 274 F.3d at 1319. Consequently, it cannot be said that the ineffective conduct alleged by Trejo in his amendment arose out of the same set of facts as the ineffective assistance of counsel claim in his original § 2255 motion (where no specific conduct was cited). Therefore, Trejo's new claims do not relate back to his original motion, and they are time-barred under

11

§ 2255's one-year limitation period. *See, e.g., Espinosa v. United States*, 330 F. App'x 889, 892 (11th Cir. 2009) (untimely amendment to a § 2255 motion did not relate back to the original, timely filed, motion, where it raised completely new claims of ineffective assistance of counsel); *United States v. Craycraft,* 167 F.3d 451, 456–57 (8th Cir. 1999) (untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely claims of ineffective assistance of counsel for not pursuing a downward departure, not objecting to the characterization of the drugs, and not raising challenges to his prior state conviction).

In the § 2255 context, equitable tolling "is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Trejo makes what amounts to a plea for equitable tolling for his amended claims by contending that he mistakenly entrusted a fellow inmate with the preparation and filing of his original § 2255 motion, which turned out to be inadequately pleaded and left out the more "specific" claims of ineffective assistance of counsel Trejo presents in his amendment. Doc. # 24 at 3–5. However, Trejo does not show that he could not have filed his amended claims by November 23, 2016, after his fellow inmate prepared and filed his original § 2255 motion. If Trejo was dissatisfied with the original fellow-inmate-prepared § 2255 motion, which was filed on August 6, 2016, he could have filed a timely amendment containing his new claims shortly after the original § 2255 motion was filed. Instead, he did not file his amendment until December 2, 2016. Thus, Trejo does not establish a causal connection between his fellow inmate's preparation and filing of his original § 2255 motion and the

untimely filing of his amendment. For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011); *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).

Moreover, it is well settled that reliance on the alleged failings of a fellow inmate as a basis for equitable tolling provides no basis for relief from the statute of limitations. *See, e.g., Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010); *Smith v. Beightler*, 49 F. App'x 579, 580–81 (6th Cir. 2002); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998) ("It is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief. . . . Inmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless.").

The burden of proving circumstances that justify the application of equitable tolling "rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. Because Trejo's amendment containing his new claims of ineffective assistance of counsel was untimely filed under § 2255(f)(1) and Trejo fails to meet his burden of establishing a basis for equitable tolling, his new claims are time-barred and due to be dismissed.

### b. **Trejo fails to support the claims in his amendment.**

Even if the ineffective assistance of counsel claims raised by Trejo in the amendment to his § 2255 motion are timely brought, Trejo is entitled to no relief, because, as to each claim, he wholly fails to meet his burden of pleading and proof under *Strickland*.

Trejo claims his counsel was ineffective for failing to move to suppress evidence. Doc. # 13 at 9 & 17. However, he fails to identify what specific evidence should have been suppressed, and on what basis. Thus, he cannot prevail on his claim that his counsel rendered ineffective assistance in this regard.[6] *See, e.g., Green v. Nelson*, 595 F.3d 1245, 1251–52 (11th Cir. 2010) (where claim of ineffective assistance stems from counsel's failure to file a suppression motion, the defendant must show that underlying constitutional claim has merit and that there was a reasonable possibility that the verdict would have been different without the excludable evidence); *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (defendant must establish prejudice where counsel failed to file a motion).

Trejo claims his counsel was ineffective for failing to file a speedy trial motion (Doc. # 13 at 9 & 17), but he fails to point to facts demonstrating that he entered his guilty plea more than 70 days after his initial appearance, where the appropriate time is excluded from the speedy trial clock based on proceedings related to pretrial motions or the court's

---

[6] In his reply to the Government's response to his amendment, Trejo argues (for the first time) that his counsel "should have moved to suppress the Supplemental Discovery, including the wiretap evidence and statements of co-defendants and other inadmissible evidence." Doc. # 24 at 8. However, in addition to failing to identify this evidence in a specific manner, Trejo wholly fails to explain on what basis this evidence was due to be suppressed. Consequently, he fails to support this claim of ineffective assistance of counsel.

ends-of-justice findings. *See* 18 U.S.C. § 3161(c)(1), (h)(1) & (h)(8)(A). Consequently, Trejo does not establish that his counsel rendered ineffective assistance in this regard.[7]

Trejo claims his counsel was ineffective for failing to file a motion to compel discovery. Doc. # 13 at 17. However, Trejo fails to identify any discovery not provided to the defense at arraignment and fails also to explain how any unproduced discovery might have changed the outcome of his proceedings. His conclusory allegation fails to show deficient performance by counsel or any resulting prejudice.

Trejo claims his counsel was ineffective for failing to file a motion for a mental and psychological evaluation. Doc. # 13 at 11–17. Trejo presents no basis upon which his lawyers should have doubted his mental competency or how the results from a psychological evaluation would have mitigated his crime or resulted in a lesser sentence. In his reply to the Government's response to his amendment, Trejo suggests (for the first time) that he was not competent to stand trial or enter a guilty plea because he had a history of childhood abuse and drug use and a lack of understanding of the English language. Doc. # 24 at 10–11. Although Trejo's PSI referred to his history of drug and alcohol use, the PSI indicated that Trejo had no reported history of mental or emotional health problems and no history of treatment for such problems. Doc. # 8-1 at 12. In an affidavit filed with this court, Trejo's former counsel avers that, during his interactions with Trejo, he saw nothing to suggest that a psychological evaluation of Trejo was warranted. Doc. # 16 at 2. Trejo's

---

[7] The record from Trejo's criminal proceedings reflects that the pretrial continuances in his case were based on ends-of-justice determinations by the court. *See* Case No. 2:14cr23 (Doc. # 34 at 2; Doc. # 142; Doc. # 146).

change of plea hearing and sentencing hearing were conducted without the use of a translator, without incident. *See* Docs. # 7-4, 7-8 & 7-9.

"Incompetency means 'suffering from a mental disease or defect rendering [a defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005) (quoting 18 U.S.C. § 4241(a)). To show entitlement to an evidentiary hearing on a competency claim, a petitioner must present "clear and convincing evidence creating a real, substantial and legitimate doubt as to his competence to stand trial." *Johnston v. Singletary*, 162 F.3d 630, 637 (11th Cir. 1998) (quoting *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)). "This standard of proof is high; and 'the facts must positively, unequivocally, and clearly generate the legitimate doubt.'" *Battle*, 419 F.3d at 1299 (quoting *Medina*, 59 F.3d at 1106). To actually prevail on such a claim, the petitioner must prove by a preponderance of the evidence that he was in fact incompetent to stand trial. *Johnston,* 162 F.3d at 637 n.7; *see also Battle*, 419 F.3d at 1298–99; *Medina*, 59 F.3d at 1106. Trejo fails to present facts that positively, unequivocally, and clearly generate a legitimate doubt about his competency to assist in her defense, stand trial, or enter a valid guilty plea. As with his other claims of ineffective assistance of counsel, his conclusory assertions fail to show deficient performance by counsel or any resulting prejudice.

Trejo claims his counsel was ineffective for failing to challenge the use of his prior convictions in determining his sentence, on grounds that those convictions were outdated or had been nolle prossed. Doc. # 13 at 10 & 17. As the Government argues (Doc. # 17 at

17–18), the sentence on any prior conviction used to influence Trejo's sentence was final after 2000, and thus those convictions were less than 15 years old and properly counted in determining Trejo's criminal history score. *See* Doc. # 8-1 at 8–10. Trejo also does not show that his prior conviction for transporting marijuana for sale was improperly used for purposes of increasing his punishment in accordance with 21 U.S.C. §§ 841(b)(1)(D) & 851(a)(1). Finally, Trejo points to no evidence indicating that any of the prior convictions used to increase his sentence was nolle prossed. As to this claim, Trejo fails to show deficient performance by counsel or any resulting prejudice.

Trejo claims his counsel was ineffective for failing present additional mitigating evidence at sentencing to support a motion for downward variance. *See* Doc. # 13 at 13 & 17. Again, Trejo fails to specify any particular mitigation evidence that counsel should have, but did not, present to the district court at sentencing. Consequently, he fails to show deficient performance by counsel or any resulting prejudice.

Finally, the Government observes that Trejo, in his amendment to his § 2255 motion, makes general allegations about his counsel's performance regarding his guilty plea and suggests that his counsel failed to consider presenting any defenses against the charges against him and instead rushed him into pleading guilty. *See* Doc. # 17 at 20; Doc. # 13 at 13–16. However, Trejo fails to indicate any possible defenses that his counsel might have presented at trial with successful results. Moreover, Trejo does not state that he would have gone to trial but for his counsel's alleged failure to consider defending the charges against him, or but for counsel's alleged conduct in rushing him into pleading guilty. Consequently, Trejo fails to show how he was prejudiced by counsel's alleged deficiencies.

17

Moreover, Trejo does not refute the averments by his counsel in an affidavit filed with this court that counsel fully discussed with Trejo his options concerning going to trial or pleading guilty, and that Trejo made it clear that he did not wish to go to trial. *See* Doc. # 16 at 2. Trejo fails to show deficient performance by counsel or any resulting prejudice, and this claim of ineffective assistance of counsel entitles him to no relief.

### III. CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Trejo be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before August 29, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done this 15th day of August, 2019.

18

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE